**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1664**

---

JACQUELINE JOHNSON,

       Plaintiff - Appellant,

    v.

NATIONWIDE MUTUAL INSURANCE COMPANY; NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:22-cv-00078-NKM)

---

Submitted: May 13, 2024                          Decided: June 25, 2024

---

Before GREGORY, WYNN, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Christopher E. Miller, Sameer M. Patel, PATEL & DALRYMPLE, Forest, Virginia, for Appellant. Scott C. Hartin, Paul R. Schmeding, MCKENRY DANCIGERS DAWSON, Virginia Beach, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacqueline Johnson appeals the district court's order dismissing her amended complaint in this insurance coverage case she filed against Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance Company ("Nationwide"). We affirm the district court's order.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (cleaned up).

The parties agree that Virginia law applies. The provision of underinsured motorist ("UM") coverage is governed by Va. Code Ann. § 38.2-2206 (2020). *See Manu v. Geico Cas. Co.*, 798 S.E.2d 598, 602 (Va. 2017). That statute requires that "an insured must be 'legally entitled to recover' the damages [they are] seeking before a UM carrier's obligation to pay arises." *Id.* (quoting Va. Code Ann. § 38.2-2206(A)). The Supreme Court of Virginia held "the phrase 'legally entitled to recover damages' imposes as a condition precedent to a UM carrier's obligation to pay its insured, that the insured obtain a judgment

2

against the uninsured [or underinsured] tortfeasor whose actions come within the purview of the UM policy."* *Id.* at 605; *see id.* at 607. Johnson concedes that she did not obtain a judgment against the tortfeasor. And although she offers several arguments to distinguish *Manu*, we find them unavailing.

We also conclude that Johnson may not rely on waiver or estoppel to bar Nationwide from denying her coverage. As explained by the Supreme Court of Virginia:

> Waiver, a doctrine at law, is voluntary action or inaction with intent to surrender a right . . . with knowledge of the facts and circumstances which gave birth to the right. Estoppel, as a doctrine in equity, is the consequence worked by operation of law which enjoins one whose action or inaction has induced reliance by another from benefiting from a change in his position at the expense of the other.

*Emps. Com. Union Ins. Co. of Am. v. Great Am. Ins.*, 200 S.E.2d 560, 562 (Va. 1973). "[T]he burden rests on the party relying on a waiver or estoppel to prove the essentials of such waiver or estoppel by clear, precise and unequivocal evidence" which "must not leave the matter to mere inference or conjecture but must be certain in every particular." *Utica Mut. Ins. v. Nat'l Indem. Co.*, 173 S.E.2d 855, 858 (Va. 1970). The vague allegations in Johnson's complaint, when contrasted with the emails sent from Nationwide's representative and which Johnson attached as exhibits to the complaint, are insufficient to

---

* In April 2024, the Virginia General Assembly amended the definition of "legally entitled to recover" applicable in § 38.2-2206 to be "the point in time when liability to the uninsured or underinsured motorist insurance company's insured has become reasonably foreseeable *without necessity of a judgment* by its insured against an uninsured or underinsured motorist, an unknown owner or operator, or an immune motorist." 2024 Va. Legis. Serv. ch. 781 §§ 8.01-66.1, 38.2-2206 (West) (emphasis added). However, this amendment only applies to claims arising out of accidents occurring on or after July 1, 2024. *Id.*

3

plausibly assert that waiver or estoppel apply here.  Finally, *Manu* also forecloses Johnson's claim that Nationwide breached its duty of good faith by exercising its contractual discretion in bad faith.  *See* 798 S.E.2d at 606, 608.

Therefore, we affirm the district court's order.  We grant Johnson's motion to correct her opening brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*